**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE (UK)** | § | |
| **PLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-06-0982** |
| | § | |
| **PAUL SPIELVOGEL,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment (Docket # 7). For the following reasons, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

This case arises out of Defendant's claims for insurance benefits for damage to his vessel, the M/V Nauti Girl. Plaintiff and Defendant entered into an insurance contract for coverage of the vessel in July 2004. On October 21, 2005, the vessel, which was docked in Cozumel, Mexico, was allegedly damaged and sank after Hurricane Wilma made landfall on Mexico's Yucatán Peninsula. Defendant subsequently filed a claim with Plaintiff for the damage to the vessel, which Plaintiff denied.

Following Plaintiff's denial of his claim, Defendant notified Plaintiff of his intent to file suit against it in state court, in accordance with Texas's pre-suit notice requirement. Plaintiff then filed this action on January 17, 2006, asserting diversity jurisdiction and seeking a declaratory judgment of no liability for the damages allegedly sustained by the vessel as a result of Hurricane Wilma. Defendant filed his state court action on January 20, 2006, asserting claims for violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code,

breach of contract, and breach of the duty of good faith and fair dealing.  Defendant now moves this Court to stay or dismiss Plaintiff's declaratory judgment action, pending resolution of Defendant's state court proceeding.  Having considered the parties' briefs and oral arguments, the Court finds that Defendant's motion should be granted and this declaratory action dismissed.

## II. ANALYSIS

The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. §2201(a) (emphasis added).  Accordingly, while a district court has jurisdiction over declaratory actions,[1] it also has discretion to decide whether or not to exercise this jurisdiction in a given case.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).  A court thus has "substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings."  *Id.* at 286; *see also Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942).

The Fifth Circuit has found that, in analyzing whether to decide or dismiss a declaratory judgment action, a district court should determine:  (1) whether the action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action.  *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).  Here, there exists an actual and immediate controversy among the parties, as Defendant seeks to hold Plaintiff liable for damage to the vessel, and Plaintiff seeks a declaration shielding it from such liability.  Plaintiff's declaratory judgment claim is therefore justiciable.  *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895-96 (5th Cir. 2000) (noting that whether a declaratory action is justiciable is typically a question of "whether an actual controversy exists between the parties") (internal quotation omitted).

---

[1] The Declaratory Judgment Act does not, of course, serve as an independent jurisdictional ground.  The parties in this case, however, do not dispute that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Similarly, the Court has the authority to grant declaratory relief in this case, as there is no previously-filed state suit, and the Anti-Injunction Act, 28 U.S.C. § 2283, is not implicated. *See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (finding that a district court lacks authority to grant declaratory relief where: (1) a declaratory defendant previously filed a cause of action in state court; (2) the state suit involved the same issues as those before the federal court; and (3) the Anti-Injunction Act prohibits the district court from enjoining the state proceedings). The Court must therefore proceed to the final step of the analysis, and determine whether it should exercise its discretion and dismiss the case.

A district court has substantial discretion in deciding whether to retain jurisdiction over a declaratory action, yet this discretion should be guided by "considerations of practicality and wise judicial administration." *Sherwin-Williams*, 343 F.3d at 389 (citing *Wilton*, 515 U.S. at 288). The Fifth Circuit has identified a number of nonexclusive factors that a district court should consider in deciding whether to dismiss a declaratory judgment action, including:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses; and
(6) whether retaining the lawsuit would serve the purposes of judicial economy.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)). These factors address concerns of the proper allocation of decision-making between state and federal courts, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 390-91.

Here, a state court action is pending, in which all matters in controversy between Plaintiff and Defendant can be decided. As Defendant correctly notes, the state court proceeding arises out of the same facts and circumstances, and involves the same contractual issues, as this

declaratory action.  Moreover, the state court action encompasses other state law claims in addition to the contractual claims currently at issue here, including alleged violations of the Texas DTPA and Insurance Code.  Where, as here, "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."  *Sherwin-Williams*, 343 F.3d at 390-91.  The existence of the pending state court action thus weighs strongly in favor dismissing this action.

Additionally, Plaintiff filed this declaratory action in anticipation of Defendant's state court proceeding, having previously received notice of Defendant's impending state action under the state pre-suit notice requirement.  The anticipatory nature of Plaintiff's filing and Plaintiff's choice of a federal forum do not, by themselves, mandate dismissal.  However, it also appears likely that Plaintiff brought this declaratory action before Defendant was legally able to file his state court action under the pre-suit notice requirement, which courts have found to be indicative of improper "procedural fencing."[2]  *Sherwin-Williams*, 343 F.3d at 397 n.7.  Courts have also found "impermissible forum manipulation" where a declaratory judgment plaintiff sues only a diverse defendant, and the underlying state action is not removable to federal court because it includes proper, nondiverse parties.  *Id.*  Here, Defendant's state court action includes other, nondiverse defendants, including Elton Porter Marine Insurance Agency, Inc., a Texas corporation.  These factors also weigh in favor of dismissal.

Finally, as previously mentioned, Defendant's state court action involves additional state law claims and additional parties.  Were this Court to resolve the declaratory action before it,

---

[2] The Court does not have sufficient facts before it to determine whether Plaintiff in fact brought this action before the required pre-suit notice period for Defendant's state action had elapsed.  While this appears likely, given the short amount of time between Plaintiff's denial of Defendant's insurance claim in late October 2005 and its filing of the instant suit in mid-January 2006, this is but one factor in the Court's analysis and is not determinative.

these related claims would remain unresolved, and the parties would still be required to litigate the state action. On the contrary, all claims will be resolved in the state court proceeding. It would thus be inefficient and uneconomical for this action to proceed. As the Fifth Circuit has recognized:

> A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.

*Sherwin-Williams*, 343 F.3d at 391. Accordingly, concerns of convenience to the parties, as well as judicial efficiency and uniformity, weigh persuasively in favor of dismissing this action.

Having considered the factors laid out by the Fifth Circuit, the Court concludes that the pending state court action, Plaintiff's manipulation of forum, and the need for judicial efficiency require dismissal of Plaintiff's declaratory judgment action.

## III. CONCLUSION

Defendant's Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 13th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT